## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Bankruptcy No. 22-10094-TPA |
| Rodney M. Lamont AND | : | Chapter 13 |
| Cindy S. Lamont, | : | |
|     Debtors | : | |
| | : | Related to Document No. 25 |
| Rodney M. Lamont AND | : | |
| Cindy S. Lamont, | : | |
|     Movant | : | |
| | : | |
| v. | : | |
| | : | |
| Fay Servicing, LLC, | : | |
| | : | |
| AND | : | |
| | : | |
| Ronda J. Winnecour/Esquire | : | |
| Chapter 13 Trustee, | : | |
|     Respondents | : | |

### INTERIM MORTGAGE MODIFICATION ORDER

On June 23, 2022, the above-named Debtor and Fay Servicing, LLC ("Creditor") entered into a trial modification (the "Trial Modification"), through the Court's *Loss Mitigation Program* (LMP), with respect to the first mortgage on the Debtor's residence. The terms of the Trial Modification require an initial trial payment of **$1345.48** and subsequent monthly payments in the amount of **$541.98** ("Trial Payments") to begin on **August 1, 2022** and to continue in that amount until **October 1, 2022** (the "Trial Modification Period"). In light of the need for an immediate change in the distribution to the Creditor, the Debtor requests the Court to enter this *Interim Mortgage Modification Order* until a final, permanent modification can be presented to the Court for approval.

        **AND NOW,** this _____ **day of** _____**, 2022**, for the foregoing reasons it is hereby **ORDERED**, *ADJUDGED and DECREED* that:

The Chapter 13 Trustee is authorized and directed to modify the distributions to the above-named Creditor, with a payment address of PO Box 814609, Dallas, TX 75381, for the Trial Modification Period. Each Trial Payment shall be made as follows: *August 2022 ($1345.48), September 2022 ($541.98) and October 2022 ($541.98).* Following the Trial Modification Period, the Chapter 13 Trustee shall continue to make distributions in the amount of $541.98 as the Trial Payments until further Order of Court.

(1) In the event that a Permanent Modification is reached between the Parties, the Debtor *immediately* shall file a *Motion to Authorize the Loan Modification* in compliance with *W.PA.LBR 9020-6(d)*.

(2) The LMP Period is extended until fourteen (14) days after the expiration of the Trial Modification Period. If the Debtor has not filed a *Motion to Authorize the Loan Modification* within fourteen (14) days after the expiration of the Trial Modification Period, then the Debtor shall *immediately* file and serve either a *Motion to Extend the Loss Modification Period* pursuant to *W.PA.LBR 9020-5(b)* or a *Motion to Terminate the Loss Modification Program* pursuant to *W.PA.LBR 9020-5(c)* that sets forth the specific reasons why an agreement was not reached.

(3) Any Party may seek a further hearing regarding the amendment or termination of this *Order* at any time during the Trial Modification Period by filing an appropriate Motion.

(4) Within three (3) days of entry of this *Order*, Debtor shall serve this *Order* electronically on the Chapter 13 Trustee at the following email address: **LMP@chapter13trusteewdpa.com** and Debtor shall not be entitled to rely on CM/ECF or United States Mail for service of this *Order* on the Chapter 13 Trustee. The Debtor's Certificate of Service shall reflect service upon the above identified email address.

_____
Thomas P. Agresti,
UNITED STATES BANKRUPTCY JUDGE

Case administrator to serve:
    Debtor(s)
    Counsel for Debtor(s)
    [Counsel for Creditor]
    Ronda J. Winnecour, Esq. Ch 13 Trustee